**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-431-2 |
| | : | |
| JAMES F. CAMPENELLA | : | |

### DEFENDANT JAMES CAMPENELLA'S REPLY IN SUPPORT OF MOTION TO VACATE

In its attempt to circumvent the Supreme Court's ruling in <u>Skilling v. United States</u>, 130 S. Ct. 2896 (2010), the government takes creative license in re-writing Defendant James Campenella's charging document and cites extensively to case law that is ultimately not determinative of this matter.

The <u>Skilling</u> Court makes abundantly clear that honest services fraud convictions can only stand where the government alleges and proves a bribery or a kickback scheme. <u>See</u> <u>id.</u> at 2934 ("[t]he indictment does not allege, and the government's evidence did not show, that [Skilling] engaged in bribery … It is therefore clear that, as we read § 1346, Skilling did not commit honest-services fraud." (internal quotations omitted)). The government's retrospective insertion of non-existent bribery charges into Mr. Campenella's Information is nothing more than an attempt to evade <u>Skilling</u>. When viewed as a whole, the record clearly demonstrates that Mr. Campenella was charged with and convicted of a now-invalidated theory of honest services fraud. At every procedural posture the government proceeded on a conflict-of-interest theory of honest services fraud; moreover, Mr. Campenella admitted only to violating honest services fraud

predicated on a conflict-of-interest theory. Because Mr. Campenella was charged with and convicted of honest services fraud based on an undisclosed conflict of interest in direct contravention of the <u>Skilling</u> ruling, his conviction and sentence must be vacated and set aside.

As an initial matter, the government makes several concessions in its Response to Mr. Campenella's Motion to Vacate: that Mr. Campenella's § 2255 Petition is timely and permissible; that Mr. Campenella remains in custody; and that Mr. Campenella insisted during his plea colloquy that he was only guilty of a conflict of interest violation. <u>See </u>Government Response Brief (hereinafter referred to as "Response") at 3, 10. [1]

The government's position, in summary, is that Mr. Campenella's Petition must fail because he cannot demonstrate actual innocence of a bribery theory of honest services fraud.[2] Perhaps the government's most significant concession is its implicit acknowledgment that Mr. Campenella only has to demonstrate actual innocence <u>if he was charged</u> with a bribery theory of honest services fraud. (". . .[i]t is Campenella's burden to establish that he is actually innocent of the charged crime . . ." (response at 1); ". . . because the information charged both theories, it is

---

[1] In its response to a related matter pending before this Court, the government acknowledged that "a person who has been convicted based on conduct which is not a crime has suffered a fundamental error, and is generally entitled to collateral relief." <u>See</u> Government's Response to Defendant Lynch's Motion for Writ of Coram Nobis at 18. Although Mr. Lynch is seeking relief on a different basis, the government's acknowledgment is nonetheless informative.

[2] The government cites extensively to <u>Bousley v. United States</u>, 523 U.S. 614 (1998) and argues that <u>Bousley</u> stands for the proposition that Mr. Campenella must demonstrate actual innocence to prevail on his § 2255 Petition. However, <u>Bousley</u> is only applicable if Mr. Campenella was actually charged with a bribery theory of honest services fraud. The <u>Bousley</u> Court only tasks the defendant with demonstrating actual innocence of his charged crimes. <u>See</u> <u>id.</u> at 624.

Campenella's burden to prove his actual innocence of the theory (bribery) which remains valid" (response at 16); "[g]iven that Campenella was charged with the bribery theory . . . and procedurally defaulted his objection to a conviction resting on the now-invalid conflict-of-interest theory, <u>Bousley</u> holds that he may gain habeas relief only on a showing of actual innocence of the bribery theory." (response at 20)).

A defendant is not required to demonstrate actual innocence of a crime he was never charged with, and in its Response, the government does not appear to argue otherwise. The point of contention between the defense and the government, then, is whether Mr. Campenella was actually charged with a bribery theory of honest services fraud. The government boldly asserts that he was; however, Mr. Campenella submits that a review of the pertinent documents and the record as a whole clearly indicate he was only charged with a conflict-of-interest theory of honest services fraud.

**I.     <u>The Government Did Not Charge Mr. Campenella With A Bribery Theory Of Honest Services Fraud</u>**

It is well settled in the Third Circuit that in order to prove honest services fraud bribery, the government must show the "essential intent – a specific intent to give or receive something of value <u>in exchange</u> for an official act." <u>United States v. Kemp</u>, 500 F.3d 257, 282 (3d Cir. 2007)(emphasis in original). The <u>Kemp</u> Court also sets forth the applicable law governing proper charging. The Court holds, "[w]e deem an indictment sufficient so long as it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what

extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" Id. at 280 (citing U.S. v Vitillo, 490 F.3d 314 (3d Cir. 2007)). The Court also states that "'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense . . .'" Id. (citing U.S. v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)(emphasis added)).

Moreover, the United States Attorney's Manual ("USAM") provides further guidance regarding the requirement of specificity in charging documents: "[t]he specificity requirement serves to insure that a defendant only has to answer to charges actually brought by the grand jury and not a prosecutor's interpretation of the charges, that the defendant is apprised of the charges against him in order to permit preparation of his defense, and that the defendant is protected against double jeopardy." USAM, Title 9, 223 (citing United States v. Haas, 583 F.2d 216 (5t Cir. 1978)).

Against this backdrop, counsel for the government drafted Mr. Campenella's Information and asserted facts that constituted a conflict-of-interest theory of honest services fraud. Bribery allegations are wholly absent from Mr. Campenella's charging document. It is of note that trial counsel for the government in Kemp is the drafter of Mr. Campenella's Information. It is a naturally flowing assumption that counsel for the government was acutely aware of the charging requirements for a bribery theory of honest services fraud.

While maintaining that it charged a bribery theory, the government argues that the Information "repeatedly asserted that Campenella paid Lynch in part to

4

'influence' him with regard to future decision-making." Response at 19. That could not be farther from the truth. The Information states <u>twice</u> – and only twice – that Mr. Campenella sought to influence Mr. Lynch.[3] Contrary to the government's contention, the Information does <u>not</u> directly assert or even indirectly imply that Mr. Campenella paid Mr. Lynch to "'influence' him <u>with regard to future decision making</u>." Response at 19, (emphasis added). Such an argument is nothing more than a blatant revision of the actual factual allegations contained in the charging document.

Even if the Information read the way the government now argues, that is still a far cry from language asserting a bribery charge requiring a specific intent to give a thing of value <u>in exchange</u> for an official act. Whether read as a whole or parsed out allegation-by-allegation, the Information paints a clear picture of a conflict-of-interest theory of honest services fraud and <u>only</u> a conflict-of-interest theory.

The government's comparison to the Kemp Indictment is misguided because the language in the Kemp Indictment is in stark contrast to the language in Mr. Campenella's Information. Citing to <u>Kemp</u>, 500 F.3d at 280-281, the government provides excerpts from the Kemp Indictment: "the indictment alleged that businessmen gave benefits to public official Kemp '<u>with the intent to influence Kemp's official actions</u>,' and '<u>provided benefits to Kemp in the form of otherwise</u>

---

[3] Paragraph three (3) of the Information provides, in part, " . . . defendant James F. Lynch's actions while acting as a tax assessor for the Philadelphia Board of Revision of Taxes were unlawfully rewarded and influenced by bribes, rewards, gifts, loans, and other benefits he received from defendant James F. Campenella, all of which defendant Lynch failed to disclose." Paragraph nine (9) provides, "[d]efendant James F. Campenella sought to illegally reward and influence defendant James F. Lynch through a corrupt payment of approximately $20,000 in cash."

unavailable loans in exchange for favorable decisions by Kemp as Treasurer of Philadelphia.'" Response at 18 (emphasis added). Those factual allegations fit the formula of a bribery allegation: a thing of value ("otherwise unavailable loans") in exchange for an official act ("favorable decisions by Kemp as Treasurer"). In contrast, the factual allegations contained in Mr. Campenella's Information, at best, suggest that Mr. Campenella sought to "reward" Mr. Lynch and to "maintain his relationship" with Mr. Lynch. Information at Para. 3. The Kemp Court placed this type of conduct squarely outside honest services fraud bribery. ("[B]ribery may not be founded on a mere intent to curry favor . . ." Kemp, 500 F.3d at 281).[4]

A charge of bribery requires more than an allegation of intent to influence; it requires an allegation of a specific intent to exchange a thing of value for an official act. Such an allegation is not present in Mr. Campenella's Information, and as such, he was only put on notice that he was being charged with a conflict-of-interest theory of honest services fraud. His charging document alleges conduct that falls far short of a bribery allegation (utilizing language such as "influence" and "maintain his relationship"), but is replete with references to co-defendant Lynch's failure to disclose his financial relationship with Mr. Campenella.

---

[4] The Kemp Court further recognized " . . . there is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill. . . bribery requires a quid pro quo, which includes an intent to influence an official act or to be influenced in an official act. . . . This may be contrasted to both a gratuity, which may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken, and to a noncriminal gift extended to a public official merely to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." Id. at 281 (internal quotations and citations omitted).

When the prosecutor's characterization of the offense at Mr. Campenella's change of plea hearing are considered alongside the language in the charging document, there can be no question that the government proceeded on a conflict-of-interest theory only. In setting forth the offense conduct at the change of plea hearing, counsel for the government stated

> [i]n or about November of 2005, Mr. Campenella gave Mr. Lynch approximately $20,000 in cash as a reward for the assistance that Mr. Lynch had been – provided in the past, and also, among other things, to maintain his relationship with Mr. Lynch when the need for assistance would arise in the future. Mr. Lynch was required by law to disclose this payment and recuse himself from any further discretionary action involving Mr. Campenella and he failed to do so.

Campenella Change of Plea Transcript, 22:6-13. This characterization of the offense perfectly aligns with the <u>Kemp</u> Court's description of conduct that does <u>not</u> constitute honest services fraud bribery.

As such, the government never charged Mr. Campenella with honest services fraud bribery and he cannot be compelled to demonstrate actual innocence of a crime he was not charged with.

**II.      If The Court Finds Mr. Campenella Must Demonstrate Actual Innocence, He Requests An Evidentiary Hearing**

If, however, the Court finds that Mr. Campenella was charged with a bribery theory of honest services fraud, he requests an evidentiary hearing to present evidence that will demonstrate his actual innocence. After reaching the conclusion that a defendant who has procedurally defaulted a § 2255 claim may still demonstrate actual innocence, the <u>Bousley</u> Court held that it was "appropriate to

remand [the] case to permit [the defendant] to attempt to make a showing of actual innocence." <u>Bousley</u>, 523 U.S. at 624.

If the Court determines that Mr. Campenella is tasked with demonstrating actual innocence, he requests the opportunity to present testimony and other evidence at an evidentiary hearing to supplement the record that currently exists.

<u>**CONCLUSION**</u>

In sum, the determinative point of contention between the government and the defense is whether the government ever charged a bribery theory of honest services fraud. Because Mr. Campenella was never charged with a legally valid theory of honest services fraud, he should not be required to make a showing of actual innocence. For the foregoing reasons, and for all the reasons stated in his Motion to Vacate and Supporting Memorandum of Law, Mr. Campenella requests the Court grant his motion and vacate his conviction and sentence.

Respectfully submitted,

    /s/ Angela Halim
Angela Halim, Esquire
Ahmad & Zaffarese, LLC
One South Broad Street, Suite 1810
Philadelphia, PA 19107
(215) 496-9373
(215) 496-9419 (facsimile)

Counsel for James F. Campenella

Dated: June 12, 2011

**CERTIFICATE OF SERVICE**

I, Angela Halim, do hereby certify that on this date I caused a true and correct copy of Defendant James Campenella's Reply in Support of Motion to Vacate upon the following by electronic filing and electronic mail:

Robert Zauzmer, Assistant U. S. Attorney
Richard Barrett, Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

_____/s/ Angela Halim_____
Angela Halim, Esquire
Ahmad & Zaffarese, LLC
One South Broad Street, Suite 1810
Philadelphia, PA 19107
(215) 496-9373
(215) 496-9419 (facsimile)

Dated: June 12, 2011